# WENDELL *vs.* PIERCE & Trustees.

A public officer, who in his official capacity holds money to be paid out to individuals, is not liable as trustee, in a process of foreign attachment. But an agent of a town, appointed to distribute a certain sum of money among the inhabitants, is not a public officer within the rule.

The town of P., in pursuance of a law authorizing the several towns to make a disposition of the public money deposited with them in such manner as each town by a major vote should determine, voted to distribute it "to the inhabitants of the town *per capita,*" according to a census to be taken, and appointed an agent to make the distribution. Under this vote a census was taken, including the principal defendant and his wife and children, and the money was placed in the hands of the agent.—*Held,* that the act of the legislature authorized the town to treat the money as the property of the inhabitants, and that the town, having done so, the agent was liable, as trustee, for the shares of the principal defendant and of his wife, but not for those of the children.

FOREIGN ATTACHMENT, in which the town of Portsmouth

Wendell *v.* Pierce & Trustees.

and Thomas P. Treadwell were summoned as trustees. Treadwell disclosed that the town, at a legal town meeting, voted "that that portion of the surplus revenue, deposited with this town by an act of the legislature passed January, 1837, together with the interest on the same since March 25, 1841, be distributed to the inhabitants of this town, *per capita*, according to the census to be taken by some person to be chosen by ballot at this meeting, for that purpose; which census shall include each and every individual resident of this town; paupers, transient persons, and those who have received their proportion of the surplus in other towns, excepted;" and that the town authorized the selectmen to collect the money, and place it in the hands of an agent, to be distributed and paid out according to the vote aforesaid. The disclosure further stated, that he was by ballot chosen agent for the purpose,—that the selectmen had placed in his hands $23570.12, to be distributed in pursuance of the vote,—that he had given a bond that he would faithfully pay to each and every person included in the census the portion of the money which he or she might be entitled to receive,—and that the names of the principal defendant, and his wife, and their five children, were included in the census, their shares being in the whole $20.65.

*H. F. French, & Cushman,* for the trustees. The share of the defendant cannot be holden, nor those of his wife and children. 2 *N. H. Laws* 499. Treadwell was agent of the town only, and not of the defendant. It was the money of the town, and not of the defendant, until paid over. The agent was responsible to the town only for non-payment. If not the money of the debtor, the trustee is not chargeable.

A public officer, who holds money in his official capacity, is not liable as trustee. 7 *Mass.* 259, *Chealey* vs. *Brewer & Trustee;* 2 *N. H. Rep.* 375, *Adams* vs. *Barrett;* 3 *N. H. Rep.* 67, *Beckwith* vs. *Baxter & Trustee.*

If the money had been lost, it would not have been the loss of the individuals.

The trustee is not liable unless a suit is maintainable. 2 *N. H. Rep.* 93, *Haven* vs. *Wentworth ;* *Ditto* 439, *Piper* vs. *Piper ;* 1 *Cranch* 345, *Hodgson* vs. *Dexter ;* 1 *Mass.* 208, *Brown* vs. *Austin ;* 6 *Mass.* 166, *Penniman* vs. *Ruggles & Trustee.*

This money is a mere naked gift, for which no action can be maintained. 7 *Johns.* 26, *Pearson* vs. *Pearson.*

A gift may be revoked until reduced to possession. 2 *Strange* 955, *Smith* vs. *Smith.*

But the wife's share is not holden. She took as an individual. If it be regarded as a chose in action, it does not vest in the husband until reduced to possession. 20 *Pick.* 519, *Hayward* vs. *Hayward.* The husband must consent to a reduction of it into his possession. 17 *Mass.* 57, *Stanwood* vs. *Stanwood.*

So the shares of the children cannot be held. Each child is entitled in his own right. It does not depend upon the parents. A child may receive a gift and hold it. A father is bound to support his child, if able, whether the child has property or not.

*Hackett,* for the plaintiff.

PARKER, C. J. It has been contended that the agent cannot be charged as trustee in this case, because he is a public officer. There are authorities in support of this objection, and reasons of a public nature which fully sustain them, but this case is not within the principle. Treadwell is here merely the agent of the town, to do a certain service, and the town itself is a corporation liable to be summoned as trustee, and actually summoned in this action. The agent is not a public officer within the meaning of the rule, and an agent can have no greater exemption from the operation of this process than is granted to his principal. For these reasons this objection must be overruled.

The main question is, whether the principal debtor had any interest in this money. It appears that this is part of the money deposited with the state by the United States, under the act of Congress passed June 23, 1836. The legislature of this state, by an act of January 13, 1837, directed the money thus deposited with the state to be deposited with the several towns which should vote to receive it, in a certain ratio therein prescribed, the towns pledging their faith for its safe keeping, and re-payment to the state treasurer, whenever called for by him, upon the requisition of the United States. By the terms of that act, the towns were forbidden to appropriate or expend the principal sum, but were authorized to appropriate the interest to such objects as they should deem expedient.

By a subsequent act, passed July 2, 1841, it was made lawful for any town to make such disposition of the money, as, by a major vote, the town should determine. This must be regarded as a gift of the money to the town, or as an authority to treat it as if it were the property of the inhabitants, to be disposed of at their pleasure.

The inhabitants of Portsmouth having this plenary power over the money in their possession, voted to divide it among themselves, as set forth in the disclosure. It thus became the property of the several inhabitants, in their corporate possession, and was placed in the hands of Treadwell, as an agent to carry the distribution into effect.

The vote distributes it, not as a gift from the town to the several inhabitants, but as a sum belonging to the town. It is divided among themselves ; distributed to the inhabitants. They cannot be regarded as having made a gift to themselves. By the vote, they became entitled to receive from the agent, as a matter of right, what the legislature had authorized them to exercise absolute dominion over, and thus to treat as their own. Whether it became such a vested right that the town could not have annulled the vote of distribution, and revoked

the authority of the agent, before payment, we need not en-quire. If they might do so, it stands good until revoked.

Such being the nature of the interest in this property, af-ter the passage of the act of 1841, and the vote of the town, it is clear that the share of the principal debtor is liable to this process.

Respecting the share of the wife we have had more doubt, but have come to the conclusion that, under the view we have taken, this, in the hands of the agent, belonged to the husband, and is within the scope of the process. The hus-band it is said is entitled, absolutely, to all sums of money received by a third person, on account of the wife, during the marriage ; and if he should join her with him, in an ac-tion for the recovery, it would be error. *Clancy's Rights, &c. of Husband and Wife* 3 ; *Cro. Jac.* 644, *Abbot & Wife* vs. *Blofield.*

As the property of the inhabitants in possession, divided among themselves, and placed in the hands of an agent to pay over, it must be regarded as the property of the wife in possession, and thus belonging absolutely to the husband.

If the law of 1841 were regarded but as a donation by the legislature, with a power of appointment, it was a gene-ral one, which the town exercised by appointing the several inhabitants. In this view, also, the share of the husband would be held. But there might be more doubt as to that of the wife. It is not clear, however, that, regarded in that light, her share could be held to be a chose in action. But for the reasons before suggested, we think that this is not the true character of the case.

For the shares of the children, there is no pretence for charging the trustee. They take in their own right, and not through their father, or in any way which can subject their property to the payment of his debts.